NEW YORK COUNTY. — HON. D. G. ROLLINS, SURRO-
GATE.—February, 1886.

ADAMS *v.* VAN VLECK.

*In the matter of the judicial settlement of the account
of* EMMA D. VAN VLECK *and another, as trustees,
under the will of* PATRICK DICKIE, *deceased.*

Executors of a will, which appoints them trustees of a trust thereby cre-
ated, though not justifiable in retaining, beyond a period reasonably
requisite for their conversion, securities found among testator's assets,
unsuitable for trust investments, will not be directed to dispose thereof,
at the instance of an objector to the account filed by them as trustees,
where no damage to the estate is shown to have been caused by the
retention. The aggrieved parties should apply for the removal of the
accounting parties, under Code Civ. Pro., § 2817, or proceed under id.,
§ 2815, to procure the protection of a suitable bond,

HEARING of objections interposed, in behalf of Louis
B. Adams and others, infant *cestuis que trustent,* un-
der decedent's will, to the account filed by Emma D.
Van Vleck and another, as trustees under the same.
The facts appear sufficiently in the opinion.

D. THURSTON, *for trustees.*

CLARK BROOKS, *for executor, etc., of Susan Dickie.*

WM. F. SCOTT, *and* GEO. C. HOLT, *special guardians.*

THE SURROGATE.—I overrule the objection inter-
posed to this account by the special guardian of the
Adams minors and the Lounsbery minors. They here
renew the protest, interposed at the time of the ac-
counting of these trustees, as executors, in 1883, that

certain railroad stocks and bonds held by the accounting parties are insecure and illegal investments. That the stocks and bonds referred to are not such as trustees should purchase with trust funds is entirely clear. In the case at bar, however, they were not so purchased, but were found by the executors and trustees among the assets of the estate when it came into their hands. While this fact cannot justify their retention beyond such reasonable time as may be requisite for their advantageous conversion, it seems to me that the question whether that reasonable time has or has not elapsed, is one that cannot here and now be properly determined.

It is in the power of these objectors to institute proceedings, under § 2817 of the Code of Civil Procedure, for the removal of the accounting trustees, upon the ground that, in neglecting too long to close out the investments complained of, they have improvidently managed the affairs of the estate, and are unfit for the due execution of the duties of their office. So, too, the objectors may obtain the removal of the trustees, or, as an alternative, the protection of a satisfactory bond, if in a proper proceeding they shall make manifest to the court that the circumstances of such trustees do not afford adequate security for the due administration of their trust (Code Civ. Pro., §§ 2815, 2816, 2817, 2685); but unless some such course is taken, I do not see how the objectors can obtain any practical relief, until the disfavored securities, or some of them, shall have been disposed of, and until it shall thus be made apparent whether the estate has or has not suffered loss by reason of improvident management.

I do not think that, because of the objections I am now considering, the Surrogate should institute an inquiry whether, under all the circumstances, the accounting parties have thus far acted in good faith and exercised reasonable prudence in retaining the stocks and bonds to which the objections refer, and as to whether any directions should be given to the trustees respecting the conversion of such stocks and bonds into legitimate trust investments.

It is questionable whether the Surrogate has power thus to control the conduct of trustees, and even if there were no doubt on the score of jurisdiction, trustees ought not to be thus interfered with in the exercise of their ordinary functions, except for grave causes, and when there are grounds for believing that, without such interference, the interests of the *cestuis que trustent* would be imperilled (Brennan v. Lane, *ante*, 322).

The decree to be entered on this accounting may provide that the settlement of the trustees' accounts shall not, as against the infant objectors, be taken as an adjudication of the propriety of the conduct of the trustees, in retaining in their hands the investments complained of by the special guardians.